UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WADE ERICKSON, Individually and On Behalf of PHYLLIS ERICKSON (D),     Plaintiffs | NO.: 17-cv-1236 |
| vs. | JUDGE: |
| VIRGINIA HALL NURSING HOME, d/b/a PROGRESSIVE CARE CENTER,     Defendant | MAGISTRATE JUDGE: |

**COMPLAINT**

The Complaint of WADE ERICKSON, Individually and on Behalf of PHYLLIS ERICKSON (D), both residents of Harrison County, Texas, respectfully represents as follows:

1.

Plaintiff, WADE ERICKSON, is an individual and surviving spouse of the deceased, PHYLLIS ERICKSON, and a resident of Harrison County, Texas. Plaintiff/deceased, PHYLLIS ERICKSON, was a resident of Harrison County, Texas at the time of her death.

2.

Named as Defendant herein is:

A. VIRGINIA HALL NURSING HOME d/b/a PROGRESSIVE CARE CENTER, a Louisiana Non-Profit Corporation, with a domicile in Caddo Parish, Louisiana, and which may be served through its registered agent, Randall Myers, at 2715 Albert L. Bicknell Drive, Shreveport, Louisiana 71103.

3.

JURISDICTION AND VENUE

This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 because the plaintiffs

and the defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs. All plaintiffs herein are citizens of the State of Texas. All defendants herein are citizens of the State of Louisiana. Venue is proper in this District and Division under 28 U.S.C. § 1391(b) (2) as a substantial part of the events or omissions giving rise to the claim occurred here, and in particular the incident of December 9, 2014, which is the basis for the bringing of this lawsuit.

4.

PROCEDURE

The alleged medical negligence occurred on or about December 9, 2014. Plaintiffs show that they filed a claim against VIRGINIA HALL NURSING HOME d/b/a PROGRESSIVE CARE CENTER with the State of Louisiana Commissioner of Administration and/or the Louisiana Patient's Compensation Fund, as required under the Louisiana Medical Malpractice Act, La. R.S. 40:1231.1, et seq (hereinafter referred to as the "LMMA"). Plaintiffs show that a claim letter dated December 3, 2015, was filed against the defendants, VIRGINIA HALL NURSING HOME d/b/a PROGRESSIVE CARE CENTER, and received by the Commissioner of Administration on December 9, 2015, pursuant to the LMMA. Plaintiffs show that they were notified by the Patient's Compensation Fund on December 15, 2015, that the defendant VIRGINIA HALL NURSING HOME d/b/a PROGRESSIVE CARE CENTER, is qualified and does have coverage in the Patient's Compensation Fund under the provisions of Louisiana Revised Statutes 40:1231.1, et seq.

A Medical Review Panel styled PCF File No.: 2015-01380 was impaneled and rendered an opinion on or about June 14, 2017, that the evidence submitted does support the conclusion that VIRGINIA HALL NURSING HOME d/b/a PROGRESSIVE CARE CENTER failed to

meet the applicable standard of care, having sent said opinion to the parties on or about June 30, 2017, in accordance with the LMMA.

5.

FACTS

Plaintiff's claims are based on an incident occurring on or about December 9, 2014.

On or about November 26, 2014, 58-year old Phyllis Lynn Erickson was discharged from the care of Willis-Knighton Medical Center. She had been admitted 8 days prior for diabetic ketoacidosis and renal failure. Over the course of her treatment at Willis-Knighton Medical Center, she was placed on IV fluid therapy and her labs eventually improved. She was discharged to the rehab facility of the defendant, VIRGINIA HALL NURSING HOME d/b/a PROGRESSIVE CARE CENTER ("Progressive Care Center"), for ongoing therapy.

Upon admission, Mrs. Erickson was assessed for her risk of falling, and was labeled a "high fall risk." Mrs. Erickson had fallen earlier in March of 2014, and fractured her supracondylar femur. Accordingly, Mrs. Erickson was admitted with a Care Plan that conspicuously labeled her as "at risk for fall or injury, related to a history of falls." Progressive Care Center promised to have measures in place to prevent falls and injury for Mrs. Erickson.

Specifically, Mrs. Erickson's admission assessment also dictated that she receive a two-person assist for all transfers, ambulation, and for her toileting needs. In addition to the heightened alert regarding Mrs. Erickson's propensity to fall, and the explicit warnings about her fall risks, she was also prescribed mind-altering medications, namely Oxycodone every 4 hours and Fentanyl 3x/day, to be administered by the staff at Progressive Care Center.

Despite the numerous mind-altering medications that Mrs. Erickson was prescribed and her status as a "high fall-risk" and the orders for her to be carefully transferred with a two-person

assist for her toileting needs, she was nonetheless transferred to the bathroom on December 9, 2014 with the help of only one CNA, and an employee of Defendant, "Anne."

EMS was called, and Mrs. Erickson described the scene to them in greater detail, noting that during the incident, "Anne" attempted to pull Mrs. Erickson's pants down mid-transfer, causing Mrs. Erickson to fall to the floor. EMS transported Mrs. Erickson to Willis-Knighton Medical Center, where she was confirmed as having an intertrochanteric fracture of her left hip sustained as a result of the December 9, 2014 fall.

The following day, Mrs. Erickson underwent an open reduction and internal fixation of her fracture with a short TFN implant. She was readmitted to Progressive Care Center on December 15, 2014. Unfortunately, complications from that procedure showed that her acetabulum was being eroded by the implant, resulting in removal in February 2015.

Mrs. Erickson was transferred to another rehabilitation facility and was discharged to home health in May 2015. Unfortunately, Mrs. Erickson never regained full mobility from her fractured hip and continued to deteriorate. She passed away in August 2015 of end stage congestive heart failure.

6.

Plaintiff shows that the aforementioned incident was caused solely and proximately by the negligence of VIRGINIA HALL NURSING HOME d/b/a PROGRESSIVE CARE CENTER, including but not limited to the following particulars:

    a.      In failing to implement appropriate safeguards regarding falling;

    b.      In failing to implement appropriate safeguards regarding mobility transfers;

    c.      In negligently assisting Mrs. Erickson to her commode;

    d.      In failing to recognize and appropriately respond to Mrs. Erickson's status as a "high fall risk";

    e.      In failing to recognize and appropriately respond to Mrs. Erickson's altered mental status;

    f.      In failing to appropriately implement recommendations and requirements of Mrs. Erickson's physicians and/or care plans; and

    g.      All other acts of negligence known and unknown to be shown more specifically at trial on the merits and through discovery.

Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the above-referenced occurrence and Mrs. Erickson's injuries.

7.

PERSONAL INJURIES AND DAMAGES

As a result of Defendants' actions, Mrs. Erickson has suffered severe bodily injury. Consequently, Plaintiffs seek the following damages:

    a.      Medical expenses: Mrs. Erickson has incurred bodily injuries and medical expenses in connection with said injuries;

    b.      Physical pain and suffering: Mrs. Erickson has endured physical pain in the past;

    c.      Mental pain, and anguish;

    d.      Emotional distress;

    e.      Loss of society; and

    f.      Other damages known and unknown to be shown more specifically at trial on the merits and through discovery.

As a result of Defendants' actions, Mr. Erickson has suffered injury. Consequently, Plaintiffs seek the following damages:

a. Loss of Consortium: Mr. Erickson has incurred damages for loss of society and loss of services; and

b. Other damages known and unknown to be shown more specifically at trial on the merits and through discovery.

8.

RELIEF SOUGHT

Plaintiffs requests that Defendants be cited to appear and answer, and that this case be tried after which Plaintiff recovers:

a. Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages indicated above;

b. Legal interest thereon from the date of the filing of the original claim pursuant to the provisions of the Louisiana Medical Malpractice Act until paid;

c. All costs of these proceedings, including the fees of any expert witnesses that may be called to testify on behalf of the plaintiffs at the trial of this matter; and

D. Such other and further relief to which Plaintiffs may be justly entitled.

    Respectfully submitted,

    By: s/ Patrick R. Jackson
        Patrick R. Jackson
        Patrick R. Jackson, A.P.L.C.
        Louisiana Bar No. 25722
        4442 Viking Drive, Suite 100
        Bossier City, Louisiana, 71111
        Telephone: (318) 752-3335
        Facsimile: (318) 752-3315
        pjackson@bossierlawoffice.com

J. Kyle McCotter
Louisiana Bar No. 33971
4442 Viking Drive, Suite 100
Bossier City, Louisiana, 71111
Telephone: (318) 752-3335
Facsimile: (318) 752-3315
Kyle.McCotter@bossierlawoffice.com

Attorneys for Plaintiffs